IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | |
| *Plaintiff,* | Case No.: 1:23-cv-14037 |
| v. | JURY TRIAL DEMANDED |
| KIA AMERICA, INC., KIA CORPORATION, HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR COMPANY, | On removal from the Circuit Court of Cook County, Illinois, County Department, Chancery Division Case No. 2023 CH 07696 |
| *Defendants.* | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446, defendants Kia America, Inc. and Hyundai Motor America, by and through their attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, hereby give notice of the removal of Case Number 2023 CH 07696 currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division.[1] In support of this Notice of Removal, defendants Kia America, Inc. and Hyundai Motor America aver as follows:

---

[1] The consent of defendants Hyundai Motor Company and Kia Corporation are not required to remove this matter as they have not been served with a complaint in this matter. *See, P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) ("Under a recognized exception to the general rule [a defendant] need not have joined in petitioning for removal if it had not been served with the state court summons."); *First Nat'l Bank v. Mottola*, 302 F. Supp. 785, 788 (N.D. Ill. 1969) ("The consent of a non-resident defendant who has not been served with process . . . is not necessary to the removal of the cause.").

**I.     PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. On August 24, 2023, the City of Chicago ("plaintiff") filed an unsigned complaint, attached hereto as Exhibit A, against Kia America, Inc., Kia Corporation, Hyundai Motor America, and Hyundai Motor Company in the Circuit Court of Cook County, Illinois.

2. On August 30, 2023, plaintiff's counsel informed counsel for defendants Kia America, Inc. and Hyundai Motor America of its error in filing an unsigned complaint and of its intention to file a motion for leave to file an amended complaint with the Circuit Court of Cook County, Illinois, County Department, Chancery Division to correct the error.

3. On August 31, 2023, plaintiff filed a Motion for Leave to File First Amended Complaint, which the Circuit Court of Cook County, Illinois granted on September 14, 2023.

4. On September 18, 2023, plaintiff filed a signed First Amended Complaint, initiating this State Court Action in the Circuit Court of Cook County, Illinois. The First Amended Complaint is attached hereto as Exhibit B. Plaintiff did not effect service of the First Amended Complaint on defendants Kia America, Inc. or Hyundai Motor America, to the best of their knowledge.[2]

5. The First Amended Complaint ("FAC") asserts six counts against defendants, including deceptive trade practices in violation of Municipal Code of Chicago ("MCC") §§ 4-276-470 and 2-25-090, unfair trade practices in violation of MCC § 2-25-090, public nuisance, negligence, and violation of MCC § 1-20-020, related to damages plaintiff alleges to have sustained as a result of thefts of Kia and Hyundai vehicles in the City of Chicago. (*See,* Exhibit B.)

---

[2]     Defendant Hyundai Motor America was served on September 21, 2023 with Exhibit C, attached hereto.

## II. GROUNDS FOR REMOVAL

6. As described below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

### A. There is Complete Diversity of Citizenship

7. Plaintiff is a municipal corporation organized and existing under the laws of the State of Illinois. (FAC ¶ 7.) Therefore, plaintiff is a citizen of Illinois for diversity jurisdiction purposes. *See, City of Chicago v. Smollett*, 421 F. Supp. 3d 565, 570 (N.D. Ill. 2019).

8. Defendant Kia America, Inc. is a corporation registered in the State of California and with its principal place of business in California. (*See*, California Secretary of State Statement of Information Corporation, Kia America, Inc., attached hereto as Exhibit D; FAC ¶ 10.) Therefore, Kia America, Inc. is a citizen of California.

9. Defendant Hyundai Motor America is a corporation registered in the State of California and with its principal place of business in California. (*See*, California Secretary of State Statement of Information Corporation, Hyundai Motor America, attached hereto as Exhibit E; FAC ¶ 8.) Therefore, Hyundai Motor America is a citizen of California.

10. Defendant Kia Corporation is a corporation incorporated in South Korea and with its principal place of business in South Korea. (FAC ¶ 11.) Therefore, Kia Corporation is a citizen of South Korea.

11. Defendant Hyundai Motor Company is a corporation incorporated in South Korea and with its principal place of business in South Korea. (FAC ¶ 9.) Therefore, Kia Corporation is a citizen of South Korea.

### B. The Amount in Controversy Requirement is Met

12. This Court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages the plaintiff suffered are greater than $75,000. *See, Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). This Court may properly consider the cost to a defendant of complying with an injunction sought by the plaintiff in determining the amount in controversy. *See*, *Uhl v. Thoroughbred Tech. & Telecomms.*, 309 F.3d 978, 983 (7th Cir. 2002).

13. The amount in controversy has been met unless an award for the jurisdictional minimum would be legally impossible. *See*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011).

14. In the current matter, plaintiff failed to specifically plead an amount in controversy and, in seeking removal, the burden is on defendants to meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000. *See, Meridian Sec. Ins. Co.*, 441 F.3d at 543.

15. The First Amended Complaint includes six counts: (a) deceptive trade practices in violation of MCC § 4-276-470; (b) deceptive trade practices in violation of MCC § 2-25-090; (c) unfair trade practices in violation of MCC § 2-25-090; (d) public nuisance; (e) negligence; and (f) violation of MCC § 1-20-020. (*See,* Exhibit B.)

16. While not specifying the precise total amount of damages sought, plaintiff seeks, *inter alia*: (1) fines of $10,000 for each offense under MCC § 2-25-090; (2) fines of $2,000 for each offense under MCC § 4-276-470; (3) injunctive relief to prevent defendants from engaging in further unfair and/or deceptive practices in violation of MCC §§ 2-25-090 and 4-276-470; (4) injunctive relief requiring defendants to abate the nuisance alleged and deter and/or prevent the

resumption of the alleged nuisance; (5) restitution to thousands of consumers due to alleged unfair and deceptive practices; (6) disgorgement of profits obtained through alleged unfair and deceptive practices; (7) past, present, and future costs to abate the alleged nuisance; (8) costs incurred by plaintiff to investigate and pursue this lawsuit; and (9) attorney's fees. (*See,* Exhibit B at 32–33.)

17. Based upon the potential damages plaintiff seeks to recover as discussed above, and in light of the number of residents of the City of Chicago, for the purposes of removal, defendants Kia America, Inc. and Hyundai Motor America have established it is more likely than not that the amount in controversy exceeds $75,000.

18. Thus, this Court has original diversity jurisdiction over the claims brought by plaintiff pursuant to 28 U.S.C. §§ 1332(a) and 1446(b)(3), because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different States. (*See,* Exhibits B, D–E.)

### III.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

19. Under 28 U.S.C. §§ 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

20. Defendants Kia America, Inc. and Hyundai Motor America have not been served with the First Amended Complaint; thus, this removal is being timely filed in accordance with 28 U.S.C. § 1446(b)(3).

21. The United States District Court for the Northern District of Illinois embraces Cook County of Illinois, the county in which the State Court Action is currently pending. Therefore, this action is properly removed to the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 105(a)(1) and 1441(a).

22. A Removal Notice, together with a copy of this Notice, shall be filed with the Clerk of the Circuit Court of Cook County, Illinois and shall be served on counsel for plaintiff.

23. Pursuant to 28 U.S.C. § 1446(a), defendant Hyundai Motor America attaches to this Notice true and correct copies of all process, pleadings, and orders served on it in the State Court Action pending in Illinois, as Exhibit C. No process, pleadings, orders, or other papers have been served upon Kia America, Inc.

24. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the United States District Court for the Northern District of Illinois, Eastern Division because the Circuit Court of Cook County, Illinois is within the Northern District of Illinois, Eastern Division.

### IV. NON-WAIVER OF DEFENSES

25. By removing this action from the Circuit Court of Cook County, Illinois, defendants Kia America, Inc. and Hyundai Motor America do not waive any defenses available to them.

26. By removing this action from the Circuit Court of Cook County, Illinois, defendants Kia America, Inc. and Hyundai Motor America do not admit any of the allegations in the First Amended Complaint.

### V. JURY TRIAL DEMANDED

27. Defendants Kia America, Inc. and Hyundai Motor America demand a jury trial.

WHEREFORE, defendants Kia America, Inc. and Hyundai Motor America hereby remove this case from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois.

Dated: September 22, 2023

                              **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:    */s/ Peter McLaughlin*

        Peter McLaughlin
        191 N. Wacker Drive, Suite 2700
        Chicago, IL 60606
        Telephone: (312) 705-7400
        Fax: (312) 705-7401
        petermclaughlin@quinnemanuel.com

        *Attorney for Defendants Kia America, Inc. and Hyundai Motor America*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of this Notice of Removal was served on September 22, 2023, by U.S. mail on the following attorneys below:

Stephen J. Kane
Lucy A. Prather
City of Chicago Department of Law
Affirmative Litigation Division
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (312) 744-6934

David Mindell
Shantel Chapple Knowlton
Edelson PC
350 North LaSalle Street, 14th Floor,
Chicago, Illinois 60654
Tel: (312) 589-6370
dmindell@edelson.com
schappleknowlton@edelson.com

Eve-Lynn J. Rapp
Edelson PC
2101 Pearl Street
Boulder, Colorado 80302
Tel: (720) 741-0076
erapp@edelson.com

Jimmy Rock
Edelson PC
1255 Union Street NE, 7th Floor
Washington, D.C. 20002
Tel: (202) 270-4777
jrock@edelson.com

*Attorneys for Plaintiff City of Chicago*

                                                  */s/ Peter McLaughlin*